## MILROY v. EAGER.[1]

*(Circuit Court, D. Nebraska. March 28, 1887.)*

**CORPORATIONS — UNAUTHORIZED PURCHASE AND MORTGAGE — BONA FIDE ASSIGNEE OF MORTGAGE.**

A. and B., as officers of a corporation, bought a tract of land for the corporation, without authority from the directors. The title was made to B., who executed several mortgages on it to A. to secure him in advances of money he had already made to the corporation, and afterwards made for it. A. transferred the mortgages to a third person for value. B. subsequently conveyed the land to the corporation. *Held*, the transferee, having paid full value, acquired good title to the mortgages; and the corporation having become insolvent, and its property having passed into the hands of a receiver, who sold the land, the transferee of the mortgages was entitled to be first paid, before other creditors, out of the fund realized from the sale of the land.

In Equity.

*E. B. Gould*, for complainant.

*G. F. Pritchell*, for defendant.

BREWER, J. This is a very simple case. Brown and Eager, officers of the West Point Butter & Cheese Association, without any formal authority from the directors, bought certain lands for the benefit of the association. The title was taken in the name of the defendant, William B. Eager. He executed the mortgages in question to B. D. Brown. Brown had been advancing large sums for the benefit of the association, and he took these mortgages, paying no consideration to Eager, for the purpose of using them as collateral to raise money for the benefit of the association. He did advance a large amount thereafter to the association, which has never been paid. He transferred the notes and mortgages for value, and they afterwards passed from his assignee to the present complainant. Eager, subsequently to the mortgages, transferred the title to the association; and by consent of all parties, when the receiver took possession of the properties of the association, he took possession of those lands. They have been sold, and the funds are in the hands of the court. The mortgages are all regular on their face, and the association was and is indebted to Brown largely in excess of the amount of these mortgages, so there was ample consideration for them. I think, therefore, the mortgages should be foreclosed; and, as the property has in fact been sold, the order will be for the payment of the proceeds of the property, so far as is necessary, to the complainant on the notes secured by the mortgages.

The creditors of the association claim a right to be heard in this matter, and insist that the case should not be disposed of without further testimony on their behalf. The order for the payment of money will therefore be stayed, if within 60 days they give bond or security, to be

[1]See Poole v. West Point, etc., Ass'n, *ante*, 513.

approved by the clerk of this court, conditioned to pay any extra interest which may hereafter accrue, and the costs of any subsequent testimony, if, after the taking of such testimony and the final hearing of the matter, it shall appear that their allegations are unfounded.